IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

LAWRENCE GOLDFARB and BAYSTAR CAPITAL MANAGEMENT, LLC,

Defendants.

No. CR 11-00099 WHA

**ORDER DENYING MOTION TO WITHDRAW AS COUNSEL**

Defense counsel of record from the Sideman & Bancroft LLP, firm, have moved to withdraw as counsel. The motion to withdraw as counsel is **DENIED**. The law firm of Sideman & Bancroft, LLP, has ample resources to be able to handle this matter without prejudice to its viability. The Court postponed ruling on the motion to withdraw until a hearing could be held before a magistrate judge for purposes of appointing Attorney Steven Katz and his law firm as possible CJA counsel, assuming their client, defendant Lawrence Goldfarb, qualified. At the hearing before Magistrate Judge Bernard Zimmerman, however, a representative of the Sideman & Bancroft firm stated that the firm did not want to continue to represent defendant Goldfarb in any capacity. Therefore, Magistrate Judge Zimmerman declined to appoint the firm as CJA counsel.

When the law firm of Sideman & Bancroft took on the representation of defendant Goldfarb, the firm was well aware that if it became counsel in the case there might come a day when a judge would require Sideman & Bancroft to stay as counsel in the case, even if they had

to work for free, there being no automatic right to withdraw. Most firms in the position of Sideman & Bancroft would have obtained a retainer sum sufficient to cover expenses and fees. But evidently Sideman & Bancroft did not do so.

Given the place we are in, in the timeline of the case and the knowledge Sideman & Bancroft has of the facts and circumstances of the case, it would be a waste of resources for Sideman & Bancroft to step out of the case and require new counsel to step in. For these reasons, the motion to withdraw as counsel is **DENIED**.

**IT IS SO ORDERED.**

Dated: June 18, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2